# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00593-CV

**Comed Medical Systems, Co., Ltd. d/b/a GEMSS Medical and
GEMSS North America Inc., f/k/a GEMSS USA Inc., Appellants**

**v.**

**AADCO Imaging, LCC and AADCO Medical, Inc., Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 14-0486-C26, HONORABLE RICK J. KENNON, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

This proceeding is an interlocutory appeal from a district court order granting a temporary injunction. The underlying dispute concerns a Master Distribution Agreement between appellants Comed Medical Systems, Co., Ltd. d/b/a GEMSS Medical and GEMSS North America Inc., f/k/a GEMSS USA Inc. and appellees AADCO Imaging, LCC and AADCO Medical, Inc.[1]

---

[1] Pursuant to the temporary injunction, appellants are required to:

(1) cease the publication of all communications, written, oral, or electronic stating that the [Master Distribution] Agreement has been terminated or is ineffective,

(2) remove statements to that effect the [appellants] have posted on the internet or provided to current and potential AADCO dealers, distributors, end users, and other third parties, and

(3) cease all sales of equipment in the United States and Canada other than for distribution through AADCO pursuant to the Agreement . . . .

Appellees have filed a motion for contempt, contending that the appellants have violated the temporary injunction. Appellees have also filed a motion requesting that we refer their contempt motion to the trial court pursuant to Rule of Appellate Procedure 29.4.

Pursuant to Rule of Appellate Procedure 29.4, we refer appellees' motion to the district court in order to hold an evidentiary hearing on the motion and grant appropriate relief, if any.[2] Following the hearing, the parties should order the appropriate supplementary clerk's and reporter's records to be prepared and forwarded to this Court.

It is ordered December 11, 2014.

Before Justices Puryear, Pemberton, and Field

---

[2] *See* Tex. R. App. P. 29.4 ("While an appeal from an interlocutory order is pending, only the appellate court in which the appeal is pending may enforce the order. But the appellate court may refer any enforcement proceeding to the trial court with instructions to: (a) hear evidence and grant appropriate relief; or (b) make findings and recommendations and report them to the appellate court.).